### HENRY A. WEEKS'S APPEAL FROM PROBATE.

Two applications made by different parties, were pending at the same time before a court of probate for the appointment of a conservator over the same person. The court dismissed the application first brought and made the appointment on the other. Held that the matter lay within the discretion of the court, and that there was no error.

APPEAL from a decree of a court of probate dismissing a petition for the appointment of a conservator over the person and estate of one Rebecca Weeks; taken to the Superior Court in Fairfield county, and heard before *Sanford, J.* The court affirmed the decree, and the appellant brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

*Treat* and *Bullock*, for the plaintiff in error.

*M. W. Seymour*, for the defendant in error.

PARK, J. Two applications were pending at the same time before the court of probate for the appointment of a conservator over the property and person of Rebecca Weeks; one by the appellant in this case, and the other by one Delany, who was the legally appointed committee of Rebecca Weeks in the state of New York, where she actually resided.

The application of the appellant was first in the order of time, but the judge of probate, entertaining doubt whether the notice that had been made and served was legally sufficient, dismissed the application on the ground that the court had no jurisdiction of the case ; and afterwards, having made due enquiry upon the application of Delany, appointed a conservator as prayed for therein.

The appellant appealed from the doings of the court in both the cases ; and after the appeal was taken and before the case was heard by the Superior Court, an informality was discovered in the proceedings of the court in making the appointment, and another application was made by Delany, on which another appointment was made of the same person that had been previously appointed.

No appeal was taken from the doings of the court in the last appointment, and the only question is, whether the court of probate erred in dismissing the application of the appellant on the ground that no legal service had been made of the application. The appellant claims that the court should have continued the cause to a future day, and ordered further and sufficient notice to be given of the pendency of the proceeding.

No doubt that course might have been taken, for according to the facts as they appear the court had jurisdiction of the case ; but inasmuch as there was another application for the appointment of a conservator then pending, we think it was within the discretion of the court to dismiss either application and entertain the other.

Both of them prayed for the same thing, and the court in

granting the prayer of one, in effect granted the prayer of the other. All the parties had the opportunity of being before the court and fully heard, and it was really a mere matter of form, so far as the merits of the case were concerned, on which of the applications the appointment should be made.

We think there is no error in the judgment complained of.

In this opinion the other judges concurred; except CARPENTER, J., who did not sit.